[Cite as *State v. Brandon*, 2016-Ohio-227.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | Appellate Case Nos. 2014-CA-143 |
| | : | 2014-CA-144 |
| Plaintiff-Appellee | : | 2014-CA-145 |
| | : | |
| v. | : | Trial Court Case Nos. 14-CR-653 |
| | : | 14-CR-519 |
| DAWAUNE BRANDON | : | 14-CR-596 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeals from |
| | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of January, 2016

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

CHARLES W. MORRISON, Atty. Reg. No. 0084368, Post Office Box 41450, Dayton, Ohio 45441
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Dawaune Brandon appeals his consecutive sentences for drug-possession

offenses. Brandon argues that the record does not support the trial court's findings, under R.C. 2929.14(C)(4), that consecutive service is necessary to protect the public from future crime by him and to punish him and that consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger that he poses to the public. The trial court's findings in this case are not clearly and convincingly unsupported by the record, so we affirm.

## I. Background

{¶ 2} On August 11, 2014, Brandon was indicted on four felonies in Case No. 2014-CR-519: trafficking in cocaine, a second-degree felony, with a specification that the offense was committed within the vicinity of a school; trafficking in heroin, a third-degree felony, also with a specification that the offense was committed within the vicinity of a school; possession of cocaine, a third-degree felony; and possession of heroin, a second-degree felony. There was also a specification requesting that he forfeit to the state $454 under R.C. Chapter 2981. While Brandon was out on bond in that case, he committed five more felonies for which he was indicted on September 8 in Case No. 2014-CR-596: trafficking in cocaine in the vicinity of a school, a second-degree felony; possession of cocaine, a third-degree felony; trafficking in heroin in the vicinity of a school, a first-degree felony; possession of heroin, a second-degree felony; and receiving stolen property (a motor vehicle), a fourth-degree felony. The following month, October, Brandon was indicted on two felonies in Case No. 2014-CR-653 that he had committed before the felonies in the other two cases: carrying a concealed weapon, a fourth-degree felony, and possession of cocaine, a fifth-degree felony.

{¶ 3} Brandon entered into a plea agreement under which he pleaded guilty in

Case No. 2014-CR-519 to possession of heroin and forfeited $454, pleaded guilty to possession of heroin in Case No. 2014-CR-596, and pleaded guilty to possession of cocaine in Case No. 2014-CR-653. All of the other charges in the cases were dismissed. The trial court sentenced Brandon to 4 years, 2 years, and 12 months in prison, respectively. The court found that "consecutive sentences are necessary to protect the public from future crime and to punish the Defendant and that consecutive sentence [sic] are not disproportionate to the seriousness of the Defendant's conduct or to the danger that he poses to the public," and that Brandon "committed one or more offenses while awaiting trial or sentencing on a previous offense." (Sentencing Tr. 9). Consequently the court ordered him to serve the sentences consecutively, for a total of 7 years in prison.

{¶ 4} Brandon appealed.

## II. Analysis

{¶ 5} The sole assignment of error alleges that the trial court erred by requiring Brandon to serve the sentences consecutively. Section 2929.14(C)(4) of the Revised Code permits a court to require the consecutive service of multiple prison terms "if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The court must also find one of three facts listed in the section, one of which is that the offender committed one of the offenses while awaiting trial. R.C. 2929.14(C)(4)(a). The trial court here made all three required findings.

{¶ 6} Brandon admits that he committed one of the offenses while awaiting trial, but he challenges the other two required findings. He contends that the record does not

support finding that consecutive sentences are necessary to protect the public from future crime or that consecutive sentences are not disproportionate to the seriousness of the offenses.

**{¶ 7}** "R.C. 2953.08(G)(2) is the appellate standard of review for all felony sentences, including consecutive sentences." *State v. Bittner*, 2d Dist. Clark No. 2013-CA-116, 2014-Ohio-3433, ¶ 8. When a defendant challenges a trial court's consecutive-sentence findings, "R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code.' " *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28, quoting R.C. 2953.08(G)(2)(a).

**{¶ 8}** The Ohio Supreme Court has said that "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Id.* at the syllabus. Neither R.C. 2929.11 nor 2929.12 requires trial courts to give reasons for their sentencing decisions or to make specific findings. R.C. 2929.11 requires only that courts be guided by certain principles (like the purposes of felony sentencing) and consider certain matters (like deterrence and rehabilitation). And R.C. 2929.12 requires courts only to consider factors relating to the seriousness of an offender's conduct and the likelihood of recidivism. "Trial courts, therefore, are required to consider the factors set forth in R.C. 2929.12, but they need not articulate their considerations explicitly on the record." *State v. Mabra*, 2d Dist. Clark No. 2014-CA-147, 2015-Ohio-

5493, ¶ 56. Indeed, this Court and the Ohio Supreme Court have held that "even a silent record raises the presumption that the trial court considered the factors contained in R.C. 2929.12." *Id.*, citing *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus, and *State v. Carlton*, 2d Dist. Montgomery No. 26086, 2014-Ohio-3835, ¶ 18 (observing that "we have held on more than one occasion that a trial court's consideration of the statutory sentencing factors may be presumed from a silent record").

{¶ 9} In making sentencing decisions, "a trial court may rely on 'a broad range of information.' " *State v. Bodkins*, 2d Dist. Clark No. 10-CA-38, 2011-Ohio-1274, ¶ 43, quoting *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 13 (2d Dist.). The court may consider, among other things, "prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement." *Id*. A court may also consider "allegations of uncharged criminal conduct found in a PSI [presentence investigation] report." *Bowser* at ¶ 15.

{¶ 10} At the sentencing hearing here, the trial court said that it had reviewed the PSI report[1] and considered R.C. 2929.11 and 2929.12. As to the more-serious factors in R.C. 2929.12(B), the court found that Brandon "was selling drugs which, by the nature of the offense, is part of an organized criminal activity," R.C. 2929.12(B). (Sentencing Tr. 6). None of the less-serious factors in R.C. 2929.12(C) applied, found the court. As to the recidivism factors in R.C. 2929.12(D), the court found that Brandon had committed the Case No. 14-CR-519 offense in June 2014 for which he was indicted on August 11. A

---

[1] Although the PSI report was not in the record, we sua sponte ordered that the record be supplemented with the report and we have reviewed it.

week after his indictment, on August 19, while he was out on bond, Brandon committed the Case No. 14-CR-596 offense. And the offenses in both of those cases were committed after he had been arrested and charged for the Case No. 14-CR-653 offenses, though that case had been dismissed and was not pending at the time. The trial court also considered Brandon's juvenile record. "His history of criminal activity," said the court, "if it were to include his juvenile record, would also demonstrate consecutive sentences were necessary to protect the public from future crimes by the defendant. As just before he turned 18, he was found delinquent for offenses which would have been a felony [sic] if he were convicted as an adult; but even if the juvenile record were not considered, the fact that he committed another felony offense while awaiting trial or disposition on a prior offense would indicate consecutive sentences are necessary." (*Id.* at 9). The court found that Brandon had been adjudicated delinquent and that he had not responded favorably to the sanctions imposed by the juvenile court. The trial court noted that the juvenile court had placed Brandon on indefinite probation in 2013, which appeared to be in effect still. The next year, in April 2014, said the court, Brandon committed his first offense as an adult. The last recidivism factor that the court noted was that Brandon did not show any genuine remorse for his offenses. As to the not-likely-to-commit-future-crimes factors in R.C. 2929.12(E), the court found that Brandon had no adult criminal history. The court also noted that he "scored low on the Ohio Risk Assessment Survey." (*Id.* at 8). But the court questioned the utility of the survey, saying that "[i]f the purpose of that survey is to decide whether or not there is or what risk of offending or committing further crime might be, I do have to question the results of the factors they use in that survey." (*Id.*).

{¶ 11} Brandon does not challenge any of these factual findings. His argument is

that these facts are not enough to show that consecutive sentences are necessary to protect the public from future crime and are not disproportionate to the seriousness of his offenses. Brandon says that the results of the risk-assessment survey unequivocally show that he has a low risk of reoffending. Other than in his juvenile record, says Brandon, there are no objective facts on which to conclude that the risk to the community posed by a 19-year-old, first-time, non-violent felony offender requires consecutive sentences.

{¶ 12} The standard used to review consecutive sentences is extremely deferential:

It is important to understand that the "clear and convincing" standard applied in R.C. 2953.08(G)(2) is not discretionary. In fact, R.C. 2953.08(G)(2) makes it clear that "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge.

It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.

*State v. Salyer*, 2d Dist. Champaign No. 2013-CA-60, 2015-Ohio-2431, ¶ 21, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 20-21 (8th Dist.).

**{¶ 13}** While Brandon admits to his juvenile record, he cites this Court's decision in *State v. Adams*, 2d Dist. Clark No. 2014-CA-13, 2015-Ohio-1160 (Hall, J., dissenting), in which a majority of the panel found that an extensive juvenile history, along with a few adult convictions, did not support the trial court's findings that consecutive sentences were necessary to protect the public from future crime and were not disproportionate to the seriousness of the offenses. Brandon also cites the *Adams* majority for the idea that his sentence may demean the seriousness of the impact caused by other felony offenders.

**{¶ 14}** The *Adams* defendant's juvenile record began when he was 15 years old with convictions for complicity to unauthorized use of property and breaking and entering. When he was 16, the defendant was convicted of disorderly conduct. And when the defendant was 17, he was convicted of failure to control, of misdemeanor drug possession, and in two separate speeding cases. Several other juvenile cases had been filed and dismissed. As an adult, the defendant had been convicted of unauthorized use of property and criminal damaging. The defendant had been convicted in *Adams* on three counts of burglary and one count of heroin possession in four separate cases. The trial court had ordered him to serve his sentences in the cases consecutively, for a total of 20 years in prison, two years shy of the statutory maximum.

**{¶ 15}** On appeal to this Court, the majority found that the record did not support the trial court's findings that consecutive sentences totaling 20 years in prison were necessary to protect the public or punish the defendant and were not disproportionate to the seriousness of his conduct and to the danger he posed to the public. The majority

noted that all of his felonies (convicted and dismissed) occurred within a period of five months, that none of the offenses was violent, and that all of the burglaries involved theft offenses. The record showed that the defendant had a history of drug use that had not been addressed. And the majority questioned some of the prosecutor's statements about drugs and the defendant. The majority found that the defendant's offenses did not reflect such seriousness and danger to the public that 20 years in prison was necessary. The sentence, said the majority, "may demean the perceived seriousness of other crimes and the harm to other victims; for example, the sentence for murder is 15 to life and rape has a maximum sentence of 11 years." *Adams* at ¶ 29.

{¶ 16} The facts in *Adams* distinguish it from the present case. The record here does not show that Brandon has an unaddressed drug problem. Rather, according to the PSI report, he sold drugs because he wasn't working and needed money. Also, Brandon's total sentence is 7 years—a far cry from the *Adams* defendant's 20 years. We see no need to be concerned that Brandon's sentence will demean the perceived seriousness of other crimes and the harm to other victims.

{¶ 17} We cannot clearly and convincingly find that the record in this case does not support the sentencing court's consecutive-sentence findings.

{¶ 18} The sole assignment of error is overruled.

### III. Conclusion

{¶ 19} Having overruled the sole assignment of error, the trial court's judgment is affirmed.

. . . . . . . . . . . .

FAIN, J., and WELBAUM, J., concur.


Copies mailed to:

Ryan A. Saunders
Charles W. Morrison
Hon. Richard J. O'Neill