[Cite as *State v. Little*, 2019-Ohio-745.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

       PLAINTIFF-APPELLEE,

       v.

JORDAN A. LITTLE,

       DEFENDANT-APPELLANT.

CASE NO. 16-18-06

**O P I N I O N**

Appeal from Wyandot County Common Pleas Court
Trial Court No. 18-CR-0004

**Judgment Affirmed**

**Date of Decision:  March 4, 2019**

APPEARANCES:

    *Howard A. Elliot* for Appellant

    *Douglas Rowland* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Jordan Little ("Little") brings this appeal from the judgment of the Court of Common Pleas of Wyandot County sentencing him to an aggregate prison term of eight years. On appeal Little challenges the trial court's compliance with Criminal Rule 11 and the imposition of consecutive sentences. For the reasons set forth below, the judgment is affirmed.

{¶2} On January 10, 2018, the Wyandot County Grand Jury indicted Little on seven counts of Pandering Sexually Oriented Matter involving a Minor in violation of R.C. 2907.322(A)(2), felonies of the second degree (counts 1-7), four counts of Pandering Sexually Oriented Matter involving a Minor in violation of R.C. 2907.322(A)(5), felonies of the fourth degree (counts 8-11), and one count of Illegal Use of a Minor in Nudity Oriented Material or Performance in violation of R.C. 2907.323(A)(5), a felony of the fourth degree (count 12). Doc. 1. On June 26, 2018, a change of plea hearing was held. Doc. 22. At that time, Little agreed to enter a plea of guilty to counts one and two and in exchange for the plea, the State agreed to dismiss counts three through twelve. Doc. 21. In the written plea agreement, Little was informed that he could be sentenced to basic prison terms of two to eight years on each count. *Id.* Little also was informed that there was no sentence recommendation. *Id.* Additionally, Little was notified in the written agreement that he was forfeiting his right to "use the power of the Court to call witnesses to testify

for [him]." *Id.* At the hearing, the trial court held the following pertinent discussion with Little.

> **The Court: \* \* \* Do you understand by pleading guilty you give up your right to a jury or court trial? At that trial, you have the right to be present, to be represented by counsel, and counsel at public expense if you cannot afford one?**
>
> **The Defendant: Yes, Your Honor.**
>
> **The Court: do you understand you give up your right to confront and have your attorney question the witnesses against you and you understand you do not have to call witnesses; however, if you needed to call them, you're entitled to summon and have them present to testify on your behalf?**
>
> **The Defendant: Yes, Your Honor.**

June 26, 2018 Tr. at 9-10. The trial court, following the dialogue with Little, found the guilty "pleas to be knowingly, voluntarily, and intelligently given, and that [Little] understood his Constitutional Rights as explained him." Doc. 22 at 4. The trial court then accepted the pleas of guilty to counts one and two of the indictment and granted the State's motion to dismiss counts three through twelve of the indictment. *Id.* The trial court then ordered that a pre-sentence investigation ("PSI") be conducted. *Id.*

{¶3} On August 28, 2018, a sentencing hearing was held. Doc. 27. The PSI revealed that Little had no adult criminal record, but had previously been adjudicated as a delinquent child. The trial court ordered Little to serve a prison term of four years on each count with the sentences to be served consecutively for

an aggregate sentence of eight years. *Id.* Little appeals from this judgment and on

appeal raises the following assignments of error.

**First Assignment of Error**

**The trial court erred when in accepting a plea of guilty from [Little], the court failed to follow the mandates of Criminal Rule 11(C)(2) on the instruction of the defendant of [his] constitutional rights, thus [rendering] the plea invalid and precluding the court from accepting such plea and making a finding of guilty.**

**Second Assignment of Error**

**The trial court [erred] in imposing consecutive sentences upon [Little] when it based its determination that under [R.C. 2929.14(C)(4)(c) juvenile adjudications may be used to demonstrate that the offender has a history of criminal conduct.**

{¶4} In the first assignment of error, Little claims that the trial court failed to

comply with the requirements of Criminal Rule 11(C)(2).

**In felony cases the court may refuse to accept a plea of guilty * * *, and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:**

**(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.**

**(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea may proceed with judgment and sentence.**

**(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the**

> **rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.**

Crim.R. 11(C)(2).

{¶5} Little argues that the trial court failed to properly inform him of his right to use compulsory process for obtaining witnesses in the defendant's favor. As indicated above, the trial court did inform Little that he had the right to summon witnesses to testify on his behalf. This court has previously addressed this issue in *State v Welly*, 3d Dist. Seneca No. 13-14-43, 2015-Ohio-2734. In *Welly*, the trial court used the exact same language as was used in this case. *Id*. at ¶ 2. Welly argued that the trial court's statement that he was "entitled to summon witnesses" was not sufficient to inform him of his right to compulsory process as required by Criminal Rule 11(C)(2). *Id*. at ¶ 5. This court, relying upon the Ohio Supreme Court's holding in *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953, N.E.2d 826, held that the terms "to summon" means to compel one's appearance. *Id*. at ¶ 6. "Thus, the use of the language summon witnesses does convey to the defendant that he had the right to order witnesses to appear on his behalf" and complies with the requirements of Criminal Rule 11(C)(2). *Id*. For this reason, the first assignment of error is overruled.

**{¶6}** Little argues in the second assignment of error that the trial court erred by considering his juvenile adjudications of delinquent when imposing consecutive sentences. The imposition of consecutive sentences is governed by R.C. 2929.14(C)(4)

> **If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**
>
> **(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18] or was under post-release control for a prior offense.**
>
> **(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**
>
> **(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4). "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing and by doing so it affords notice to the offender and to defense counsel." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29, 16 N.E.3d 659.

{¶7} Little claims that since the juvenile adjudication was not a criminal conviction, the trial court erred in considering it when it imposed consecutive sentences. When exercising its discretion during felony sentencing, a trial court must consider the statutory policies including those set forth in R.C. 2929.11 and R.C. 2929.12. *State v. Kerns*, 3d Dist. Logan No. 8-18-05, 2018-Ohio-3838, ¶ 8-9. Little argues that since the adjudication of delinquency is not a criminal conviction, it should not be considered as such during sentencing. *See State v. Hand,* 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448. This claim is a correct statement of the law and an adjudication of delinquency may not be used to enhance the penalty for a later crime. *Id.* However, the consideration of the juvenile adjudication in fashioning an appropriate sentence is not only permitted, but is required by R.C. 2929.12(D-E). Thus, the consideration of this factor is not improper. *Kerns* at ¶14.

{¶8} Here, the trial court imposed four-year prison terms on each offense. These sentences are within the statutory range. The trial court found that the Defendants actions were not victimless as by viewing child pornography, he is encouraging the "industry" which harms "countless children", some of which were babies and toddlers. Doc. 27 at 3. The trial court noted that "viewing child porn is not a mistake, it is a deliberate act that harms the most vulnerable citizens." *Id.* The

trial court then ordered that the sentences be served consecutively and made the following findings in support of this sentence.[1]

> **Consecutive sentences are necessary to protect the public from future crime or to punish the offender. Consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the offender poses to the public. Further, Defendant's history of criminal conduct – juvenile and adult, demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant. At least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

*Id*. at 4. Thus, the trial court made all of the statutorily required findings. These findings are supported by the record. Therefore, the trial court did not abuse its discretion in requiring the sentences to be served consecutively. The second assignment of error is overruled.

{¶9} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Wyandot County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**

---

[1] This court notes that the trial court could have imposed eight years on each of the offenses and then ordered them to be served concurrently with the same aggregate prison term being reached.