[Cite as *State v. Dover*, 2019-Ohio-2462.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 2018-CA-107 |
| | : | and 2018-CA-108 |
| v. | : | |
| | : | Trial Court Case Nos. 2018-CR-35 |
| ELRASHAWN DOVER | : | and 2018-CR-44 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of June, 2019.

. . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, P.O. Box 340214, Beavercreek, Ohio 45434
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Elrashawn Dover, appeals from a judgment of the Clark County Court of Common Pleas, which imposed an aggregate 15-year prison sentence after he pled guilty to receiving stolen property in Clark C.P. No. 2018-CR-35 and to attempted murder with a firearm specification in Clark C.P. No. 2018-CR-44. In support of his appeal, Dover argues that the record does not support the trial court's decision to impose consecutive sentences for his offenses. Dover also argues that the length of his aggregate prison sentence is not supported by the record. We disagree with both of Dover's claims. The judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} In January 2018, Dover was indicted for several offenses in two separate Clark County cases. Specifically, in Case No. 2018-CR-35, Dover was indicted for one count of improperly handling a firearm in a motor vehicle, carrying a concealed weapon, failure to comply with the order or signal of a police officer, and receiving stolen property. In the second case, Case No. 2018-CR-44, Dover was indicted for two counts of attempted murder, with firearm specifications.

{¶ 3} Pursuant to a plea agreement, Dover pled guilty to the charge for receiving stolen property in Case No. 2018-CR-35, a fourth-degree felony. Dover also pled guilty to one count of attempted murder, with a firearm specification, in Case No. 2018-CR-44, a first-degree felony. In exchange for Dover's guilty pleas, the State agreed to dismiss all the remaining charges, as well as all the charges in a third case that is unrelated to this appeal, Clark C.P. No. 2018-Ohio-154. The State also agreed to have a

presentence investigation ("PSI") conducted prior to sentencing.

{¶ 4} After accepting Dover's guilty pleas, the trial court held a sentencing hearing on September 18, 2018. At the sentencing hearing, the trial court noted that it had reviewed Dover's PSI report. Thereafter, the trial court gave the parties an opportunity to make statements before it imposed a sentence. Following the parties' statements, the trial court sentenced Dover to one year in prison for receiving stolen property, 11 years in prison for attempted murder, and three years in prison for the firearm specification. The trial court ordered all the sentences to be served consecutively for an aggregate term of 15 years in prison. The judgment entry filed in each case correctly reflects the sentence imposed at the sentencing hearing; the judgment entry in Case No. 2018-CR-44 also includes the necessary consecutive-sentence findings.

{¶ 5} Dover now appeals, raising a single assignment of error which challenges his prison sentence.

**Assignment of Error**

{¶ 6} Under his sole assignment of error, Dover challenges the trial court's decision to impose consecutive sentences and the length of his 15-year prison sentence. Dover claims that, because he has no prior adult criminal record and because all of his juvenile offenses are non-violent, the record does not support either the consecutive nature or length of his sentences. We disagree.

{¶ 7} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1 and ¶ 7. Pursuant to the plain language of R.C.

2953.08(G)(2), this court may vacate or modify Dover's sentence only if it "determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings. *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 31 (2d Dist.), citing *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

{¶ 8} In this case, while sentencing Dover, the trial court made consecutive-sentence findings under R.C. 2929.14(C)(4), which is one of the relevant statutes referred to in R.C. 2953.08(G)(2). The court ordered that the sentences in Case No. 2018-CR-44 be served consecutively to each other and to the one imposed in Case No. 2018-CR-35. Pursuant to R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if it finds that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied.

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the

multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 9} "[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. "[W]here a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38 (2d Dist.). Again, "the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." (Citation omitted.) *Id.* In applying that standard of review, "the consecutive nature of the trial court's sentencing should stand unless the record overwhelmingly supports a contrary result." (Citation omitted.) *Id.* at ¶ 39.

{¶ 10} In this case, the record establishes that the trial court made all the required consecutive-sentence findings at the sentencing hearing and in the judgment entry issued in Case No. 2018-CR-44 where it ordered the sentences to be served consecutively to

the prison sentence of one year in Case No. 2018-CR-35.

{¶ 11} Dover first claims that the trial court's criminal history finding under R.C. 2929.14(C)(4)(c) was not supported by the record. Specifically, Dover claims that, because he had no prior adult criminal record and only non-violent juvenile offenses, the record does not support the finding that his "history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by [him]." R.C. 2929.14(C)(4)(c). A trial court, however, is not precluded from considering an offender's juvenile adjudications when determining whether the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *State v. Ward*, 2d Dist. Clark No. 2015-CA-115, 2018-Ohio-1230, ¶ 35. In fact, "the consideration of the juvenile adjudication in fashioning an appropriate sentence is not only permitted, but is required by R.C. 2929.12(D-E)." *State v. Little*, 3d Dist. Wyandot No. 16-18-06, 2019-Ohio-745, ¶ 7.

{¶ 12} In *State v. Brandon*, 2d Dist. Clark Nos. 2014-CA-143, 2014-CA144, 2014-CA-145, 2016-Ohio-227, this court affirmed the trial court's imposition of consecutive sentences under circumstances where the defendant had no adult criminal record and the trial court only considered the defendant's juvenile record when finding that the defendant's criminal history warranted consecutive sentences. *Id*. at ¶ 10 and ¶ 17. We reached a similar decision in *Withrow*, wherein the defendant had no adult felony convictions, but an extensive juvenile record. *See Withrow,* 2016-Ohio-2884, 64 N.E.3d 553, ¶ 36-42 (2d Dist.). *See also Little* at ¶ 3 and ¶ 7-8.

{¶ 13} A review of the PSI in this case establishes that Dover had an extensive juvenile record. For instance, in 2013, Dover was adjudicated a delinquent child for

committing offenses that if charged as an adult would have constituted possession of drugs, criminal damaging, disorderly conduct, and two probation violations. In 2014, Dover was adjudicated a delinquent child on charges of obstructing official business and two more probation violations. Thereafter, in 2015, Dover was adjudicated a delinquent child on charges of criminal trespass, violating his curfew, obstructing official business, escape, falsification, vandalism, and two additional probation violations. And, in 2016, Dover was again adjudicated for a probation violation and failing to comply with an order of a police officer. Finally, in 2017, just before he turned 18, Dover was also adjudicated a delinquent child on charges of receiving stolen property, carrying a concealed weapon, and yet another probation violation.

{¶ 14} Given Dover's extensive juvenile record, we do not find that the record clearly and convincingly fails to support the trial court's criminal history finding under R.C. 2929.14(C)(4)(c). Rather, the record firmly establishes that, over the past five years, Dover has committed several offenses as a juvenile, some of which occurred just months before the offenses in this case. Dover's extensive juvenile record, and the fact that he has continued to engage in criminal activity as an adult, support the likelihood that he will continue to engage in criminal conduct in the future. Therefore, we cannot say that the record does not support the trial court's finding under R.C. 2929.14(C)(4)(c), that is, Dover's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by him. Accordingly, the trial court did not err by imposing consecutive sentences in this case.

{¶ 15} Dover also challenges the length of his aggregate 15-year prison sentence. As previously noted, Dover received 11 years in prison for attempted murder (the

maximum allowable sentence for first-degree felonies), three years in prison for the firearm specification, and one year in prison for receiving stolen property. While Dover does not claim that the length of his individual sentences is contrary to law,[1] he does claim that the record fails to support the imposition of an aggregate 15-year prison term. We disagree.

{¶ 16} Where a sentence is not contrary to law, we may modify or vacate it only if we find by clear and convincing evidence that the record does not support the sentence. *Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23. Here, the record indicates that Dover's conviction for receiving stolen property in Case No. 2018-CR-35 arose from his driving a stolen vehicle, which Dover used to flee from officers while the officers were attempting to conduct a traffic stop. Dover's attempted murder conviction in Case No. 2018-CR-44 arose from an ongoing dispute with the victim's cousin over marijuana. In response to the victim's verbally threatening him, Dover pulled out a firearm and shot the victim in the chest. The victim was hospitalized and miraculously survived the gunshot wound. Dover, who was part of a local gang that dealt in drugs and guns, then unsuccessfully attempted to deter the victim from cooperating

---

[1] We note that any claim that Dover's sentence is contrary to law would fail, as the trial court properly considered the criteria set forth in R.C. 2929.11 and 2929.12, and Dover's sentences are within the authorized statutory range. *See State v. Moten*, 2d Dist. Clark Nos. 2018-CA-19, 2018-CA-20, 2019-Ohio-1473, ¶ 34, quoting *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.) ("Sentences are 'contrary to law' when they do not fall within statutory ranges for offenses or when the trial court fails to consider 'the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.' "). We further note that the trial court correctly determined that it had discretion to impose a prison sentence for receiving stolen property, a fourth-degree felony, since Dover was also being sentenced for a first-degree felony. *See* R.C. 2929.13(B)(1)(a)(ii) (if the most serious charge against the offender at the time of sentencing is greater than a felony of the fourth or fifth degree, community control is not mandatory for non-violent fourth or fifth degree felonies).

with the State by threatening the victim from jail.

**{¶ 17}** When considering the facts and circumstances that led to the charges in this case, coupled with Dover's extensive criminal history, we do not find by clear and convincing evidence that the record fails to support Dover's individual sentences.

**{¶ 18}** For the foregoing reasons, Dover's sole assignment of error is overruled.

## Conclusion

**{¶ 19}** Having overruled Dover's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

John N. Lintz
Robert Alan Brenner
Hon. Douglas M. Rastatter