[Cite as *State v. Rockey*, 2019-Ohio-4101.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-98 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-685 |
| | : | |
| JOHNATHAN ROCKEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of October, 2019.

. . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

JEFFREY R. McQUISTON, Atty. Reg. No. 0027605, 130 West Second Street, Suite 181, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Johnathan Rockey, appeals from his convictions for one count of felonious assault, a first degree felony pursuant to R.C. 2903.11(A)(2) and (D)(1)(a); one count of obstructing official business, a fifth degree felony pursuant to R.C. 2921.31; and one count of failure to comply with an order or a signal of a police officer, a third degree felony pursuant to R.C. 2921.331(B) and (C)(5). In addition, the trial court found Rockey to be a repeat violent offender under R.C. 2941.149. The court sentenced him to consecutive terms in prison amounting to a total of 25 years.

{¶ 2} Raising one assignment of error, Rockey argues that the trial court erred by ordering that he serve his sentences consecutively. We find that Rockey's argument lacks merit, and his convictions are therefore affirmed.

## I. Facts and Procedural History

{¶ 3} Officers Melvin and Sanders of the Springfield Police Division visited Rockey's residence on the evening of October 20, 2017, to execute two warrants for his arrest. Trial Transcript 109:13-110:24 and 135:6-135:21. Rockey being elsewhere when they arrived, the officers surveilled the residence from a nearby park. Id. at 110:25-112:3 and 136:18-137:11. After several minutes, the officers saw a silver pickup truck being driven into the back yard, and based on information provided by an anonymous tipster, they anticipated that Rockey was the driver. See id. at 111:7-112:24 and 137:12-137:21. The officers approached on foot, Officer Melvin walking toward the truck from the front, and Officer Sanders from the rear. Id. at 112:14-113:4 and 137:18-138:13.

{¶ 4} As they approached the truck, which was parked with its engine turned off, the door to the driver's seat opened, and they were able to identify the driver as Rockey. See id. at 113:5-114:9 and 138:7-138:17. A moment later, Rockey made eye-contact

with Officer Melvin, to which Rockey responded by closing his door and starting the truck's engine. *Id.* at 114:4-114:9 and 138:21-139:4. The officers ordered Rockey to stop, but instead, Rockey accelerated the truck in reverse, forcing Officer Sanders to make way.[1] *See id.* at 114:20-115:1 and 139:11-140:8. Rockey then accelerated the truck forward, forcing Officer Melvin to make way, and made his escape. *Id.* at 115:2-116:15 and 140:12-141:4.

{¶ 5} On October 26, 2017, the officers returned to Rockey's residence, though they employed different tactics. *Id.* at 141:24-143:10. Officer Melvin surveilled the residence from the park as before, whereas Officer Sanders waited in his cruiser on the street. Rockey arrived in a sport utility vehicle shortly after the officers took up their positions. *See id.* at 141:24-143:20. He did not stop, but drove past the cruiser in which Officer Sanders was waiting, leading to a high-speed pursuit. *Id.* at 142:23-145:1. Although Rockey evaded capture that night, he was arrested the following morning. *Id.* at 204:14-205:13 and 206:25-209:10.

{¶ 6} A Clark County grand jury issued an indictment against Rockey on November 6, 2017, charging him as follows: Counts 1 and 2, felonious assault in violation of R.C. 2903.11(A)(2); Count 3, obstructing official business in violation of R.C. 2921.31(A); and Count 4, failure to comply with an order or a signal of a police officer in violation of R.C. 2921.331(B). The two counts of felonious assault included repeat violent offender specifications.

---

[1] Officer Melvin testified that "Officer Sanders had to jump out of the way to avoid being hit by Mr. Rockey." Trial Transcript 114:25-115:1. Officer Sanders testified that he "had to move out of the way from being struck." *Id.* at 139:25-140:8.

{¶ 7} At the end of a two-day jury trial, the jury returned verdicts of not guilty on Count 1, and guilty on Counts 2 through 4. The trial court found Rockey to be a repeat violent offender under R.C. 2929.01(CC) and 2941.149, and it sentenced him to terms in prison of 11 years on Count 2; one year on Count 3; three years on Count 4; and 10 years on the repeat violent offender specification. Pursuant to R.C. 2929.14(C)(4)(c), the court ordered that Rockey serve the terms consecutively.

{¶ 8} The court filed a final judgment entry on August 31, 2018. Rockey timely filed his notice of appeal to this court on September 7, 2018.

## II. Analysis

{¶ 9} For his single assignment of error, Rockey contends that:

APPELLANT'S SENTENCE OF MAXIMUM CONSECUTIVE SENTENCES IS CLEARLY AND CONVINCINGLY UNSUPPORTED BY THE RECORD.

{¶ 10} Rockey argues that "the record does not support the sentencing [c]ourt's findings under R.C. 2929.14(C)(4)." Appellant's Brief 11. Under the statute, if an offender is convicted of more than one offense and is sentenced to more than one term in prison as a result, the trial court "may require the offender to serve the * * * terms consecutively if [it] finds" that: (1) "consecutive service is necessary to protect the public from future crime" or "to punish the offender" sufficiently; (2) "consecutive [service] [is] not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one of the conditions specified in R.C. 2929.14(C)(4)(a)-(c) is applicable.[2] The relevant condition in this case is specified in

---

[2] We refer to the version of the statute in effect from October 17, 2017, through October

R.C. 2929.14(C)(4)(c), pursuant to which consecutive service is warranted if the "offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." *See* Transcript of Proceedings 12:15-13:21, Aug. 31, 2018.

{¶ 11} Three of the four prison terms to which the trial court sentenced Rockey, however, were subject to compulsory consecutive service, irrespective of the provisions of R.C. 2929.14(C)(4). Under R.C. 2929.14(B)(2)(b)(i)-(iii), a "court shall impose * * * the longest prison term authorized or required for [a felony] and [further] shall impose * * * an additional[,] definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years," if the offender "is convicted of or pleads guilty to a specification of the type described in [R.C.] 2929.149"; if the offender was previously "convicted of or pleaded guilty" to two or more first-degree felonies that were offenses of violence "within the preceding twenty years"; and if the "offense or offenses [for] which the offender currently is being [sentenced]" is "any felony of the first degree that is an offense of violence * * *."[3] *See also* R.C. 2901.01(A)(9) (defining "[o]ffense of violence"). Where an offender is sentenced to "an additional prison term imposed under [R.C.] 2929.14(B)(2)(a) or (b)," the offender "shall serve [the] additional * * * term * * * consecutively to and prior to the

---

30, 2018.

[3] *See* fn.2, above. In the version of the statute in effect on October 20, 2017, R.C. 2929.14(B)(2)(b)(ii) applied to cases in which the "offender within the preceding twenty years [had] been convicted of or pleaded guilty to three or more offenses described in [R.C. 2929.01](CC)(1) * * *, including all [such] offenses * * * of which the offender [was] convicted or to which the offender [was] plead[ing] guilty in [a] current prosecution." That is, the statute applied to cases in which the offender was currently being convicted for an offense of the type described in R.C. 2929.01(CC)(1) and, within the preceding 20 years, had already been convicted of or pleaded guilty to two or more such offenses.

prison term imposed for the underlying offense."

{¶ 12} With respect to Count 2 of the indictment, Rockey was convicted for committing felonious assault on a peace officer in violation of R.C. 2903.11(A)(2), a first degree felony that is an offense of violence. *See* R.C. 2901.01(A)(9) (defining "[o]ffense of violence") and 2903.11(D)(1)(a) (establishing that a violation of R.C. 2903.11(A) is a first degree felony if "the victim [of the offense] is a peace officer"). As a result, the trial court found Rockey to be a repeat violent offender pursuant to R.C. 2929.01(CC) and 2941.149, given that he had twice previously been convicted for felonious assault on a peace officer. Transcript of Proceedings 9:22-10:4 and 12:15-12:25. R.C. 2929.14(B)(2)(b) consequently mandated that the court "impose * * * the longest prison term authorized [by R.C. 2929.14(A)(1)]" for the offense of felonious assault, as well as a term of as many as 10 years for the repeat violent offender specification;[4] in turn, R.C. 2929.14(B)(2)(d) directed the court to order that Rockey's service of the sentence for felonious assault be consecutive to his service of the sentence for the specification.

{¶ 13} With respect to Count 4 of the indictment, Rockey was convicted for violating R.C. 2921.331(B) under the circumstances described in R.C. 2921.331(C)(5)(a)(ii)—that is, he was convicted for "caus[ing] a substantial risk of serious physical harm to persons or property" while "operat[ing] a motor vehicle so as willfully to elude or flee [from] a police officer after receiving a visible or audible signal" to stop. According to R.C. 2921.331(D), "[i]f an offender is sentenced pursuant to [R.C. 2921.331](C)(4) or (5) * * * for a violation of [R.C. 2921.331](B) * * *, and if the offender is

---

[4] *See* fn.2, above.

sentenced to a prison term for that violation, [then] the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." The trial court sentenced Rockey to a prison term of three years for his violation of R.C. 2921.331(B), and the court was thereby obligated under R.C. 2921.331(D) to order that he serve the term consecutively to the other terms to which he was sentenced.

{¶ 14} Thus, the court had no authority but to order that Rockey's service of the term for felonious assault be consecutive to his service of the term for the repeat violent offender specification, and that his service of the term for failure to comply with an order or a signal of a police officer be consecutive to his service of both of the foregoing terms. The only term that Rockey could have been allowed to serve concurrently was the term imposed for obstructing official business.[5]

{¶ 15} On review of a trial court's order requiring an offender to serve terms in prison consecutively, an appellate court may reverse only if it finds, based on clear and convincing evidence, "that the record does not support the trial court's findings" pursuant to R.C. 2929.14(C)(4). *See State v. Dover*, 2d Dist. Clark Nos. 2018-CA-107 & 2018-CA-108, 2019-Ohio-2462, ¶ 8-9. The trial court, here, made " 'the findings mandated by R.C. 2929.14(C)(4) at [Rockey's] sentencing hearing,' " and " 'it ha[d] no obligation to state reasons to support [those] findings.' " *Id.* at ¶ 9, quoting *State v. Bonnell*, 140 Ohio

---

[5] To be exact, the trial court could only have allowed Rockey to serve the term for obstructing official business concurrently with either the term for felonious assault or the term for the repeat violent offender specification. R.C. 2921.331(D), when applicable, requires that a term for failure to comply with an order or a signal of a police officer be served consecutively to all other terms to which an offender has been sentenced.

St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. For purposes of appeal, the " 'question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether [the appellant has shown] clearly and convincingly * * * that the record fails to support the trial court's findings.' " *Id.*, quoting *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38 (2d Dist.).

{¶ 16} Rockey challenges the trial court's findings in three respects. Appellant's Brief 11. First, he argues that consecutive service was "disproportionate to the seriousness of [his] conduct" inasmuch as "neither of the [Springfield Police Division] officers suffered harm." *Id.* Second, noting that a presentence investigation report was not prepared in this case, he posits that "in the absence of a presentence investigation report, the [c]ourt was not in a position to weigh the seriousness and recidivism factors [set forth in] R.C. 2929.12." *Id.* Third, he "submits that it is apparent that the court did not conduct a diligent review of the seriousness and recidivism factors" before it sentenced him, given that "the sentencing occurred [merely] [two] days" after his trial. *Id.*

{¶ 17} These arguments are unavailing. Regardless of whether the officers were physically harmed, the trial court was entitled to view the risk of harm created by Rockey's conduct as sufficiently serious of itself to warrant consecutive service, particularly in light of his criminal history. Furthermore, as Rockey himself acknowledges, the preparation of a presentence investigation report was not required, and his contention that "the court did not conduct a diligent review of the seriousness and recidivism factors" is unfounded. *See id.*; *see also* R.C. 2953.01. The record available to the court at the time it sentenced Rockey, which included his criminal history, provided much, if not all, of the information the court needed, and the two-day interval between his trial and his sentencing hearing

was not too brief to permit a diligent review.

{¶ 18} Rockey has not shown clearly and convincingly that the record fails to support the trial court's findings pursuant to R.C. 2929.14(C)(4)(c). The court ordered that Rockey serve his terms in prison consecutively because it found that Rockey's history of criminal conduct demonstrated that consecutive service was necessary to protect the public from the prospect that he would commit additional crimes in the future, and his criminal history provides at least some support for that finding. Rockey's assignment of error is overruled.

### III. Conclusion

{¶ 19} As a matter of law, the trial court was required to order consecutive service of the terms in prison to which it sentenced Rockey for felonious assault, for the repeat violent offender specification attached to the charge of felonious assault, and for failure to comply with an order or a signal of a police officer. The trial court could have allowed concurrent service of the term to which it sentenced Rockey for obstructing official business, but Rockey has not established by citation to clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.14(C)(4). Therefore, Rockey's convictions are affirmed.

. . . . . . . . . . . .

HALL, J., concurs.

FROELICH, J., concurs:

{¶ 20} I concur in the majority's conclusion. I write separately to lament the

uncertainty, disproportionality, expense, inconsistency, arbitrariness, and, for all intents and purposes, non-reviewability sanctioned by many of Ohio's sentencing laws.

Copies sent to:

John M. Lintz
Jeffrey R. McQuiston
Hon. Douglas M. Rastatter