[Cite as *State v. Crossley*, 2019-Ohio-2938.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-121 |
| | : | |
| v. | : | Trial Court Case Nos. 2018-CR-446 |
| | : | and 2018-CR-601 |
| VON CROSSLEY | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of July, 2019.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

CHRISTOPHER B. EPLEY, Atty. Reg. No. 0070981, 10 West Second Street, Suite 2400, Dayton, Ohio

and

JON PAUL RION, Atty. Reg. No. 0067020, 130 West Second Street, Suite 2150, P.O. Box 10126, Dayton, Ohio 45402
    Attorneys for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-Appellant, Von Crossley, appeals from two judgments of conviction, specifically the sentences that were imposed after he pled guilty to charges in two cases. In Clark C.P. No. 18-CR-446, the trial court sentenced Crossley to three one-year prison terms, with the terms being imposed consecutively. In Clark C.P. No. 18-CR-601, the court sentenced Crossley to a total of nine years in prison, and it imposed the sentence consecutive to the sentence in Case No. 18-CR-446. Crossley's total prison term, thus, was 12 years.

{¶ 2} Crossley contends that the record does not clearly and convincingly support the sentence and that imposition of maximum sentences was contrary to law. For the reasons that follow, we find no error, and the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

{¶ 3} As a preliminary point, we note that while this appeal involves two cases, the charges arose from the same incident, which occurred on June 28, 2018. On that day, Springfield police officers were dispatched to West Jefferson Street on an emergency tone. The emergency tone was "dropped" around 3:57 p.m. and was based on a report of a man with a gun. The police had a description of a teal S10 Chevy truck with an oscillating yellow light on the top and a license plate starting with the initials "HEA."

{¶ 4} Springfield police officer Zachary Massie went to the scene. However, because three other officers were already there, Massie began to check the surrounding area for the suspect vehicle. Massie did not have information about the license plate number because he missed part of the dispatch. The only information he had was that he was looking for a gray, green, or teal pickup truck with a yellow light on top. While

traveling southbound on Western Avenue, Massie noticed a dark gray Ford 150 pickup with a yellow oscillating light that was stopped at a red light. He thought he had the right vehicle and initiated a stop. After the truck was stopped, Massie and three or four other officers had their guns out, ordered Crossley out of the truck, and handcuffed him.

{¶ 5} As it turned out, Crossley was not involved in the incident being investigated, and his truck had a different license plate than the suspect vehicle. During the stop, however, one of the officers had a K-9 dog at the scene and did a free-air sniff of Crossley's vehicle. After the dog alerted, the police found narcotics and a gun in the truck. Subsequently, on July 9, 2018, an indictment was filed in Clark County Common Pleas Court, charging Crossley with three counts: (1) carrying a concealed weapon, in violation of R.C. 2923.12 (a fourth degree felony); (2) improper handling of firearms in a motor vehicle, in violation of R.C. 2923.16(B) (a fourth-degree felony); and (3) receiving stolen property in violation of R.C. 2913.51(A) (a fourth-degree felony). The last charge also carried a one-year firearm specification.

{¶ 6} Crossley had previously posted a surety bond of $15,000 in the Clark County Municipal Court, and the bond was transferred to the common pleas court case, which was docketed as Case No. 18-CR-446. At the arraignment in common pleas court, Crossley pled not guilty, and the $15,000 cash/surety bond was continued. Among the bond conditions was the requirement that Crossley comply with all criminal provisions of the Ohio Revised Code.

{¶ 7} On August 13, 2018, the grand jury indicted Crossley for aggravated trafficking in methamphetamine and aggravated possession of methamphetamine, based on the narcotics that had been found in his vehicle on June 28, 2018. Both charges were

specified as involving equal to or greater than five times bulk but less than fifty times the bulk amount, and were second degree felonies. This case was docketed as Clark Case No. 18-CR-530.

{¶ 8} When the Southern Ohio Fugitive Apprehension Strike Team arrested Crossley on August 17, 2018, on warrants for these drug offenses, they found suspected cocaine on Crossley's person. Based on the drug results from the prior arrest on June 28, 2018, and the suspected drugs on Crossley's person, the police obtained a search warrant for Crossley's residence. During that search, the police found several operable firearms, suspected narcotics, multiple baggies, a digital scale, and a blender that was suspected of being used to cut drugs with baking soda. As a result, the State filed a motion on August 22, 2018, asking the court to revoke Crossley's bond.

{¶ 9} On August 24, 2018, the trial court arraigned Crossley on Case No. 18-CR-530, and also held a bond revocation hearing for Case No. 18-CR-446. After hearing the evidence (as outlined above), the court revoked Crossley's bond and ordered that he be held without bond for the duration of the case.

{¶ 10} Previously, on August 8, 2018, Crossley had filed a motion to suppress evidence, and a hearing on the motion was scheduled for September 14, 2018. Before the suppression hearing began, the court arraigned Crossley on Case No. 18-CR-601, which the State indicated was an indictment that was filed to add a forfeiture specification to the already existing indictment in Case No. 18-CR-530. Thus, the charges were the same as they had been in that case (aggravated possession and aggravated trafficking of methamphetamine), but a forfeiture specification was added. The State also said it would file a motion to consolidate Case No. 18-CR-601 with the other two cases, which

had already been consolidated.[1]

{¶ 11} During the suppression hearing, three police officers testified and described the facts about the traffic stop that have been outlined above.  However, a need for additional testimony was revealed, and the court said that it would continue the hearing to let the defense subpoena some police officers.  The suppression hearing was never reconvened, however, because Crossley pled guilty to the charges in both cases on October 3, 2018.

{¶ 12} According to the plea agreement, Crossley would plead guilty to the indictments in Case Nos. 18-CR-446 and 18-CR-601, and the State would dismiss Case No. 18-CR-530.  In addition, the State agreed not to proceed on #18-SPD-35557, which was a search warrant conducted at Crossley's home on August 18, 2018.  The State further agreed to have a presentence investigation ("PSI") done, and Crossley agreed to forfeit $195 in U.S. currency.

{¶ 13} On November 11, 2018, Crossley appeared for sentencing, and the trial court sentenced him, as noted, to a total of 12 years in prison.   This appeal followed.

## II.   Support for Consecutive Sentences

{¶ 14} Crossley's First Assignment of Error states as follows:

The Record Does Not Clearly and Convincingly Support Appellant's

Sentence.

---

[1] This statement was incorrect, as Case Nos. 18-CR-446 and 18-CR-530 had not been consolidated.   Furthermore, the State never filed a motion to consolidate Case Nos. 18-CR-446 and 18-CR-601, even though the parties and trial court acted as if they had been joined.   In any event, all these cases involved only charges resulting from the June 28, 2018 traffic stop.

{¶ 15} Under this assignment of error, Crossley contends that the record is unclear about what factors the trial court considered in concluding that consecutive sentences were appropriate under each finding required by R.C. 2929.14(C)(4). Furthermore, Crossley argues that the trial court was required to use specific operative facts to justify its findings under R.C. 2929.14.

{¶ 16} On appeal, defendants can challenge consecutive sentences in two ways. "First, the defendant can argue that consecutive sentences are *contrary to law* because the court failed to make the necessary findings required by R.C. 2929.14(C)(4)." (Emphasis sic.) *State v. Adams*, 2d Dist. Clark No. 2014-CA-13, 2015-Ohio-1160, ¶ 17, citing R.C. 2953.08(G)(2)(b) and *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. "Second, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4)." *Id.*, citing R.C. 2953.08(G)(2)(a) and *State v. Moore*, 2014-Ohio-5135, 24 N.E.3d 1197 (8th Dist.). In this case, Crossley has not challenged whether the trial court made the necessary findings that R.C. 2929.14(C)(4) requires.

{¶ 17} As to the second type of challenge, "R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under * * * 'division * * * (C)(4) of section 2929.14 * * * of the Revised Code.' " *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22, quoting R.C. 2953.08(G)(2). " 'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the

trier of facts a firm belief or conviction as to the facts sought to be established.' " *Id.*, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶ 18}** "R.C. 2929.14(C)(4) is an exception to the presumption in favor of concurrent sentences in R.C. 2929.41(A)." *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 29 (2d Dist.). As pertinent here (according to the trial court's findings), R.C. 2929.14(C)(4) provides that:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> * * *
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶ 19}** According to Crossley, when a court "imposes consecutive sentences under R.C. 2929.14, it must also comply with R.C. 2929.19(B)(2)(c), which requires that the sentencing court 'make a finding that gives its reasons for selecting the sentences

imposed.' " Appellant's Brief, pp. 10-11, quoting R.C. 2929.19(B)(2)(c). This is an incorrect statement of law. This was the wording in former R.C. 2929.19(B)(2)(c). However, R.C. 2929.19(B)(2) was severed from the rest of the statute in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. *See Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 16-17. As a result, "a trial court 'has no obligation to state reasons to support its findings' in connection with the statutory findings required to impose consecutive sentences under R.C. 2929.14(C)(4)." *Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, at ¶ 31, quoting *Bonnell* at syllabus.

{¶ 20} Crossley also contends that the record is unclear with respect to the facts that the trial court considered in concluding that consecutive sentences were needed to protect the public from future crime. In particular, Crossley stresses that he is a first-time offender without a felony criminal record, and he was not adjudicated a delinquent child or confined or unfavorably terminated from post-release control. He further observes that he acknowledged a substance abuse problem, had a very low Ohio Risk Assessment Score of 9, and accepted responsibility for his crimes.

{¶ 21} As noted, the trial court did not need to provide specific reasons. Moreover, we are unable to find that the trial court's conclusion about the need to protect the public is clearly and convincingly unsupported by the record. Specifically, Crossley's history is not as benign as he suggests. Crossley had 29 grams of methamphetamine and a gun in his truck when he was first arrested. The evidence at the bond revocation hearing also indicated that Crossley was dealing drugs when he was released on bond for this case.

{¶ 22} Specifically, when the trafficking and possession indictments were served

on Crossley on August 17, 2018, Crossley had suspected drugs in his possession. Furthermore, a subsequent search of Crossley's home revealed that he had several guns in his home. At his home, he also had drugs, as well as other paraphernalia associated with drug dealing, including digital scales, baggies, and a blender containing some type of powder residue. According to one of the officers who served the search warrant, "people use blenders to cut, chop drugs, cocaine, fentanyl, also crack cocaine, with baking soda." Transcript of Arraignment and Bond Revocation Hearing, p. 13. Significantly, these crimes occurred less than two months after the June 28, 2018 traffic stop, and while Crossley was on bond.

**{¶ 23}** These facts were all before the trial judge, who heard the testimony at the bond revocation hearing. In addition, the fact that Crossley was involved in criminal activity while on bond indicated that he was likely to reoffend.

**{¶ 24}** Crossley also challenges the trial court's finding that consecutive sentences were not disproportionate to the seriousness of his conduct and to the danger he posed to the public. In this regard, Crossley notes that the trial court merely made a conclusory statement about the fact that the community had been plagued by gun violence, drug trafficking, and drug possession. According to Crossley, a conclusory statement that applies to the entire community, not to a specific defendant, will nearly always result in maximum consecutive sentencing. We disagree. We have previously observed that "[t]he impact on the community is a proper factor to consider during sentencing." *State v. Guerrero-Sanchez*, 2d Dist. Montgomery No. 27327, 2017-Ohio-8185, ¶ 64, citing *State v. Sanders*, 8th Dist. Cuyahoga No. 97120, 2012-Ohio-1540, ¶ 38, and *State v. Sieng*, 10th Dist. Franklin No. 06AP-852, 2007-Ohio-1502, ¶ 17.

{¶ 25} As a final matter, Crossley contends that the record fails to reflect that "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." R.C. 2929.14(C)(4)(b). As pertinent here, Crossley stresses that besides commenting that at least two of the multiple offenses were committed as part of a course of conduct, the court did not elaborate on how his particular offenses differed from other identical offenses.

{¶ 26} As noted, trial courts are not required to state reasons for their findings under R.C. 2929.14(C)(4). *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at syllabus. Nonetheless, given the evidence at the bond revocation hearing, and the presence of guns, drugs, and drug preparation paraphernalia at Crossley's home, the record supports the finding that Crossley's multiple offenses were committed as part of a course of conduct, and that the harm caused was greater than usual, such that a single prison term would not adequately reflect the seriousness of his conduct.

{¶ 27} Accordingly, the First Assignment of Error is overruled.


### III. Maximum Sentences

{¶ 28} Crossley's Second Assignment of Error states that:

The Imposition of Maximum Sentences is Contrary to Law.

{¶ 29} Under this assignment of error, Crossley argues that, in imposing sentence, the trial court failed to properly consider the principles and purposes of sentencing set

forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. In particular, Crossley contends that the trial court's reference to the community as being "plagued by gun violence and drugs" is inadequate to raise an inference that the court considered the statutory factors.

{¶ 30} In the case before us, the court sentenced Crossley to less than maximum sentences on all counts except the drug trafficking conviction, for which the court imposed the maximum sentence for a second-degree felony (eight years). See R.C. 2929.14(A)(2)(b) (indicating that for felonies committed before the amendments effective in March 2019, the prison term shall be a definite term of two, three, four, five, six, seven, or eight years).

{¶ 31} "Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it 'clearly and convincingly' finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Roberts*, 2d Dist. Clark No. 2018-CA-27, 2019-Ohio-49, ¶ 6. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74, citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58.

{¶ 32} We have repeatedly stressed that "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5797, ¶ 62.

A*ccord State v. Gilbreath*, 2d Dist. Clark No. 2018-CA-91, 2019-Ohio-642, ¶ 10; *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.); *State v. Whitt*, 2d Dist. Clark No. 2014-CA-125, 2016-Ohio-843, ¶ 8. Instead, courts are simply "obligated to consider the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12." *State v. Hand*, 2d Dist. Clark No. 2016-CA-51, 2017-Ohio-7340, ¶ 6.

{¶ 33} Under R.C. 2929.11, "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."

{¶ 34} "R.C. 2929.12(B) sets forth nine factors to consider when determining whether an offender's conduct is more serious, while section (C) sets forth four factors to consider in determining whether the conduct is less serious. R.C. 2929.12(D) and (E) both list five factors to consider in making a determination that an offender is more, or less, likely to reoffend." *Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, at ¶ 77.

{¶ 35} In the sentencing entries, the trial court stated that it had "considered the record, oral statements of counsel, the defendant's statement, and the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12." Case No. 2018-CR-446, Doc. #19, p.1; Case No. 2018-CR-601, Doc. #10, p. 1. Thus, the trial court did consider R.C. 2929.11 and R.C. 2929.12.

{¶ 36} We have said that "an explanation of the rationale (both case-specific and

statutory) for a sentence can only increase the public understanding of a particular sanction and thus the perceived legitimacy of the criminal justice system." *Adams*, 2d Dist. Clark No. 2014-CA-13, 2015-Ohio-1160, at ¶ 18. Nonetheless, we also stressed in *Adams* that the trial court is "not required to provide reasons to support its findings." *Id.*, citing *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 27. (Other citation omitted.). Notably, we have also held a number of times that " 'a trial court's consideration of the statutory sentencing factors may be presumed from a silent record.' " *State v. Brandon*, 2d Dist. Clark No. 2014-CA-143, 2016-Ohio-227, ¶ 8, quoting *State v. Carlton*, 2d Dist. Montgomery No. 26086, 2014-Ohio-3835, ¶ 18.

**{¶ 37}** Here, the record was not silent. During the sentencing hearing, the trial court noted that it had considered the PSI report. In addition, the court commented on the fact that the community had been plagued by gun violence, drug trafficking, and drug possession. Transcript of Proceedings, Disposition, pp. 3 and 8.

**{¶ 38}** Furthermore, as we already observed, the trial court was well aware of the fact that Crossley's history did not involve just one incident of criminal behavior. Crossley's contention to the contrary is simply inaccurate. *See* Appellant's Reply Brief, pp. 8-9. As noted, the trial court presided over the bond revocation hearing and heard evidence that Crossley possessed drugs when he was served with the arrest warrant for the second indictment. The evidence at the revocation hearing also revealed that when the police searched Crossley's home, they found multiple weapons, drugs, and equipment used to prepare drugs for sale.

**{¶ 39}** We may only reverse, modify, or vacate a trial court's sentence if it is clearly and convincingly unsupported by the record. We cannot make that finding here. The

sentence, being within statutory limits, was also not contrary to law.

{¶ 40} Accordingly, the Second Assignment of Error is overruled.

## IV.   Conclusion

{¶ 41} Both of Crossley's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

John M. Lintz
Christopher B. Epley
Jon Paul Rion
Hon. Douglas M. Rastatter