[Cite as *State v. Smith*, 2020-Ohio-304.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28417 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-4830 |
| | : | |
| JUSTIN K. SMITH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of January, 2020.

. . . . . . . . . . .

H
MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DANIEL F. GETTY, Atty. Reg. No. 0074341, 46 East Franklin Street, Centerville, Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Appellant, Justin Smith, pleaded guilty to 20 felony counts, including one count each of fleeing from trial and theft of an ankle monitor and numerous counts of disseminating matter harmful to juveniles, pandering sexually oriented matter/obscenity involving a minor, and illegal use of a minor in nudity-oriented material. He was sentenced to an aggregate eight-year prison term, to be served consecutively to a 12-year prison term in another case on separate, but related, criminal offenses. Counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating he could find "no error by the trial court prejudicial to the rights of [Smith] which may be argued * * * on appeal." We agree with this assessment, and, as such, the judgment of the Montgomery County Common Pleas Court will be affirmed.

**Facts and Procedural History**

{¶ 2} During a bench trial in a separate case, Montgomery C.P. No. 2018-CR-1861, Smith failed to return to court following a recess, and he absconded.[1] Smith's bond in that case had included electronic home detention (EHDP), and he cut and removed the EHDP monitoring bracelet he was required to wear so that his location could not be tracked. Smith was later located and arrested in Florida and returned to

---

[1] In that case, *State v. Justin Smith*, Montgomery C.P. No. 2018-CR-1861, the trial court completed the trial after Smith absconded. Smith was found guilty of three felony counts of sexual battery (coach/scout leader), three felony counts of unlawful sexual conduct with a minor, and two misdemeanor counts of sexual imposition. The victim of Smith's conduct in that case was C.B., who was also the victim in this case. Smith was sentenced to a 12-year prison term. Smith's conviction was affirmed on appeal. *State v. Smith*, 2d Dist. Montgomery No. 28265, 2019-Ohio-5015.

Montgomery County.

{¶ 3} Upon Smith's arrest in Case No. 2018-CR-1861, the State obtained his "smart phone," and a search warrant was obtained to allow an examination of the phone's content. The phone was passcode protected, and, because of this, the phone was sent to federal authorities, who had the equipment and expertise to unlock Smith's phone. The phone was not unlocked before the trial in Case No. 2018-CR-1861. But, upon the phone being unlocked, the State discovered videos that Smith had sent to the minor victim, C.B., and that C.B. had sent to him.

{¶ 4} Smith was indicted on 41 felony counts relating to his absconding, the theft/destruction of his electronic monitoring device, and the videos discovered on his phone. Smith filed a motion to suppress the materials discovered on the phone. The trial court conducted a suppression hearing, but before it ruled on the motion, the parties reached a plea agreement. Smith pleaded guilty to 20 counts, and the remaining 21 counts were dismissed. The 20 counts to which Smith pleaded guilty were as follows: Count 1, failure to appear, a felony in the fourth degree; Count 3, theft (EHDP bracelet), a felony in the fifth degree; Counts 13 through 22, disseminating matter harmful to juveniles, felonies of the fifth degree; Counts 34, 36, 38, 39, and 40, pandering sexually oriented matter/obscenity involving a minor, felonies of the fourth degree; Counts 35 and 37, illegal use of a minor in nudity oriented material, felonies of the fourth degree; and Count 41, pandering obscenity involving a minor, a felony of the second degree. There was no agreement regarding Smith's sentence.

{¶ 5} Following completion of a presentence investigation (PSI), the trial court conducted a sentencing hearing. The trial court sentenced Smith to an aggregate prison

term of eight years[2] to be served concurrently to the 12-year prison term in Case No. 2018-CR-1861. As statutorily required, Smith was designated as a Tier II sex offender. This appeal followed.

{¶ 6} Smith was appointed appellate counsel who, as noted, has filed a brief pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. As part of the *Anders* brief, counsel has requested leave to withdraw as Smith's attorney. Smith was notified of his right to file a pro se brief within 60 days of the *Anders* notification. Smith has not filed a brief.

### *Anders* Standard

{¶ 7} Upon the filing of an *Anders* brief, an appellate court has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Id.* at 744; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v.*

---

[2] Smith's sentence, as reflected by the termination entry, was as follows: Counts 1 and 3: 12 months each, to be served concurrently to each other and to the sentence in Case No. 2018-CR-1861, but consecutively to Counts 13-22 and 34-41; Counts 13-22: 12 months each, to be served concurrently to each other, to Count 34, and to Case No. 2018-CR-1861 but consecutively to Counts 1, 3 and 35-41; Count 34: 12 months to run concurrently with Counts 13-22 and Case No. 2018-CR-1861 but consecutively to Counts 1, 3, and 35-41; Counts 35-40: 12 months each to run concurrently to each other and Case No. 2018-CR-1861 but consecutively to Counts 1, 3, 13-22 and 41; Count 41: 5 years to run concurrently to Case No. 2018-CR-1861 but consecutively to Counts 1, 3, 13-22 and 34-40. The aggregate term of imprisonment was 8 years, to run concurrently with the sentence in Case No. 2018-CR-1861.

*Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8.   If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the appellant.

### *Anders* Analysis

{¶ 8} Counsel, consistent with his duties under *Anders*, has identified two potential assignments of error as follows:

(1) [W]hether * * * Smith's plea was entered voluntarily and knowingly when considering the [t]rial [c]ourt made a vague indication as to its potential decision in regards to the [m]otion to [s]uppress, but without a ruling on such prior to the plea; and

(2) [W]hether the trial court erred by imposing [an] excessive sentenc[e] in light of * * * Smith's constitutional right to be free from cruel and unusual punishment.

{¶ 9} Turning to the first suggested error, the trial court informed Smith at the plea hearing that its decision on the suppression motion had not been completed, but that it would overrule the suppression motion.   The record also reflects that the State's offer was contingent upon Smith entering guilty pleas to the 20 counts, and Smith was informed that by pleading guilty, the suppression ruling, were it issued before the guilty pleas were entered, could not be attacked on appeal.   Finally, Smith was informed, more than once, that he could defer his plea decision until the ruling on the motion to suppress was filed. In possession of the indicated information, Smith decided to immediately accept the State's offer, and he pleaded guilty to the 20 felony counts.   The first suggested

assignment of error, on this record, is without potential merit.

{¶ 10} Any argument that Smith's plea otherwise was not knowing, intelligent, and voluntary would also be wholly frivolous. The trial court strictly complied with the Crim.R. 11(C)(2)(a), (b), and (c) constitutional and non-constitutional advisements, and the record fails to otherwise suggest that Smith's pleas were less than knowing, intelligent, and voluntary. Any argument to the contrary would lack any potential merit.

{¶ 11} Turning to counsel's second proposed assignment of error, any argument that Smith's sentence violated the constitutional proscription against cruel and unusual punishment would be frivolous. Each of Smith's individual sentences was within the prescribed statutory range, and the imposition of consecutive sentences was authorized by R.C. 2929.14(C)(4). A sentence that is statutorily authorized cannot, "as a general rule, * * * amount to cruel and unusual punishment." *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 21, quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964). Also, to the extent the suggested assignment of error is a proposed proportionality attack on Smith's sentence, a "proportionality review under the Eighth Amendment does not apply to [the] aggregate sentence. Rather, for cruel-and-unusual punishment purposes, proportionality review applies only to individual sentences. Gross disproportionality exists under the Eighth Amendment when an individual sentence is conscience shocking to a reasonable person and to a community's sense of justice." *State v. Moore*, 2019-Ohio-1671, 135 N.E.3d 1114, ¶ 78 (2d Dist.), citing *State v. Hand*, 2d Dist. Clark No. 2016-CA-51, 2017-Ohio-7340, ¶ 15-16, citing *Hairston* at ¶ 14, 20. Because Smith's sentences were statutorily sanctioned and none of his individual sentences were arguably shocking from either a reasonable person or community

perspective, any appellate argument attacking Smith's sentence as being unconstitutionally cruel and unusual would be wholly frivolous.

{¶ 12} Also, any other appellate attack on Smith's individual sentences would be without arguable merit. An appellate court may vacate or modify a felony sentence if it determines by clear and convincing evidence that the sentence is contrary to law or the record does not support the sentence. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231; R.C. 2953.08(G)(2). This is a very deferential standard of review. *State v. Dover*, 2d Dist. Clark Nos. 2018-CA-107, 2018-CA-108, 2019-Ohio-2462, ¶ 7. As already noted, each of Smith's individual sentences was within the statutory range; thus, the sentences were not contrary to law. Also, the record reflects the trial court's consideration of R.C. 2929.11 and R.C. 2929.12. Given this consideration, any appellate argument that Smith's individual sentences were clearly and convincingly not supported by the record has no arguable merit.

{¶ 13} The same very deferential standard of review is applicable to the imposed consecutive sentences. A trial court must make the consecutive findings required by R.C. 2929.14(C)(4). If, as here, the consecutive findings are made at the sentencing hearing, a consecutive sentence is not contrary to law. In this circumstance, a consecutive sentence is not subject to vacation or modification unless there is clear and convincing evidence the consecutive sentence is not supported by the R.C. 2929.14(C)(4) findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659; *Dover* at ¶ 8. Given Smith's conduct and the deferential standard of review, any argument that the trial court's R.C. 2929.14(C)(4) findings were clearly and convincingly not supported by the record is without arguable merit.

{¶ 14} We do note that, although the trial court made the necessary consecutive sentencing findings at the sentencing hearing, these findings were not incorporated into the court's judgment entry, as required by *Bonnell*. But this omission may be corrected by a nunc pro tunc entry. *Bonnell* at ¶ 30. This is so because such inadvertence does not make the sentence "contrary to law," but instead reflects a "clerical error" subject to correction to "reflect what actually occurred in open court." *Id. See also State v. VanWinkle*, 2d Dist. Miami No. 2016-CA-25, 2017-Ohio-7642, ¶ 24. Given this, the trial court's oversight does not trigger the rejection of the *Anders* brief, but a remand to the trial court for the issuance of a nunc pro tunc judgment entry which incorporates the consecutive sentence findings.

{¶ 15} Finally, consistent with our duties under *Anders*, we have reviewed the entire record. This review has not revealed any potential issue for appeal with arguable merit. As such, the judgment of the Montgomery County Common Pleas Court is affirmed.

## Conclusion

{¶ 16} Counsel's request for leave to withdraw as Smith's counsel is granted, and the judgment of the Montgomery County Common Pleas Court is affirmed, but the case is remanded so that a nunc pro tunc judgment entry incorporating the consecutive sentencing findings may be filed.

. . . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Daniel F. Getty
Justin K. Smith
Hon. Mary Katherine Huffman