[Cite as *State v. Roberts*, 2019-Ohio-49.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-27 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-540 |
| | : | |
| MARCUS ROBERTS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of January, 2019.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, Appellate Division, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, 545 Metro Place South, Suite 100, Dublin, Ohio 43017
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Marcus Roberts appeals from his conviction and sentence on one count of improperly discharging a firearm at or into a habitation.

{¶ 2} In his sole assignment of error, Roberts challenges the trial court's imposition of a statutory maximum prison sentence.

{¶ 3} The record reflects that Roberts was indicted on the following seven felony charges, some of which included specifications: discharging a firearm on or near prohibited premises, improperly discharging a firearm at or into a habitation, improper handling of a firearm in a motor vehicle (two counts), carrying a concealed weapon, receiving stolen property, and aggravated drug possession. The charges stemmed from (1) his role as the driver of a car from which a passenger fired shots into an occupied residence and (2) his own possession of a firearm and drugs later that day. (Doc. # 13; Plea Tr. at 3-4).

{¶ 4} Following plea negotiations, Roberts pled guilty to improperly discharging a firearm at or into a habitation, a second-degree felony. In exchange, the State dismissed all other counts and specifications. It also agreed not to pursue any charges related to another shooting a few days earlier. The trial court accepted the plea and found Roberts guilty. (Doc. # 23). After reviewing a presentence investigation (PSI) report, the trial court imposed a statutory maximum eight-year prison sentence and other sanctions. (Doc. # 24).

{¶ 5} On appeal, Roberts contends the record demonstrates that the trial court did not consider the statutory "seriousness" and "recidivism" factors. His entire argument is as follows:

Here, the record fails to support a finding that the trial court actually considered the recidivism factors set forth in R.C. 2929.12(D) and (E). This is true because the trial court stated its "only" reason for imposing this maximum sentence, which did not include these factors. Tr. 9.

Further, the trial court did not consider these factors because if it did, it would have found that the likelihood that Roberts would commit another offense was low: For one, those factors demonstrate that Roberts would be unlikely to commit a future crime. Roberts had no prior felony conviction, nor was he on probation at the time of this offense. R.C. 2929.12(D). He had a prior misdemeanor conviction from Fairborn, in which he successfully completed probation and thus demonstrated that he is amenable to probation.

Further, the record fails to support a finding that the trial court actually considered the seriousness of Roberts' crime, as compared to other similar offenses. R.C. 2929.12(B) and (C). Because while no one condones Roberts' offense, nor any firing into a habitation for that matter, the facts in this case do not demonstrate that Roberts was in a position of trust; used his relationship to facilitate the offense, or any other factor that would make this offense more serious than others. R.C. 2929.12(B). What is more, Roberts was the driver, not the person who fired into the habitation. Tr. 4.

In short, because the record fails to support a conclusion that the trial court actually considered the seriousness and recidivism factors as required, its decision should be reversed. And because the record does not

support the maximum sentence that Roberts received, the trial court abused

its discretion in imposing it.

(Appellant's brief at 3-4).

{¶ 6} When reviewing felony sentences, appellate courts apply the standard of review found in R.C. 2953.08(G)(2), not an abuse of discretion standard. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 7} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum * * * sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. With regard to Roberts' assignment of error, R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense, whereas R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense. Similarly, R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding an offender being more or less likely to commit future crimes.

{¶ 8} Although statutory maximum sentences do not require any of the findings specified in R.C. 2953.08(G)(2), the Ohio Supreme Court has found it appropriate "for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23.

{¶ 9} As set forth above, Roberts does not suggest that his statutory maximum eight-year sentence is contrary to law. Rather, he claims the record clearly and convincingly does not support a finding that the trial court considered the "seriousness" and "recidivism" factors in R.C. 2929.12(B), (C), (D), and (E). Having reviewed the record, we find this argument to be unpersuasive.

{¶ 10} As a threshold matter, the trial court explicitly stated in its judgment entry that it *did* consider the various factors set forth in R.C. 2929.12. (Doc. # 24 at 1). Roberts contends this assertion is demonstrably false, however, because the trial court's "only" stated reason for imposing a maximum sentence did not include a reference to the R.C. 2929.12 factors. At sentencing, the trial court addressed Roberts and provided the following explanation for its sentence:

It is true that you don't have a prior felony record, but you have a prior weapons offense. But to be honest with you that really doesn't even matter to the Court. The fact that you are not willing to give up the shooters doesn't even matter to the Court.

The only thing that matters to the Court is that you were the driver of

a vehicle in a drive-by shooting, and that you were afforded a significant amount of leniency by the dismissal of gun specs and other criminal offenses.

(Sentencing Tr. at 9).

{¶ 11} The trial court did not say the only thing it *considered* was Roberts' participation in a drive-by shooting and the fact that other charges and specifications were dismissed. Instead, it said this was what really *mattered* to it for sentencing purposes. Nothing in the passage quoted above clearly and convincingly demonstrates that the trial court violated its obligation to consider the statutory "seriousness" and "recidivism" factors. The trial court simply explained that it placed weight on the fact that Roberts already had benefitted from a plea bargain that resulted in a number of serious charges and specifications being dismissed. This court has recognized that the statutory seriousness and recidivism factors are not exclusive. In addition to them, a trial court may consider facts related to charges dismissed under a plea agreement and allegations contained in a PSI report. *State v. Wiles*, 2d Dist. Clark No. 2017-CA-69, 2018-Ohio-3077, ¶ 19, 25; *State v. Bautista*, 2d Dist. Clark No. 2015-CA-74, 2016-Ohio-5436, ¶ 12.

{¶ 12} In the remainder of his argument, Roberts engages in his own weighing of the "seriousness" and "recidivism" factors. He contends he is unlikely to commit another crime. He notes that he has no prior felony convictions and that he has completed probation for a misdemeanor. With regard to the seriousness of his offense, he points out that he was not the actual shooter. He also asserts that none of the statutory "more serious" factors apply. Therefore, he reasons that the record does not support an eight-year sentence. Because the trial court reached a contrary conclusion and did not address

the "seriousness" and "recidivism" factors individually, Roberts infers that the trial court must not have considered them.

{¶ 13} Upon review, we find Roberts' argument to be unpersuasive. The trial court was not required to discuss the factors in R.C. 2929.12(B), (C), (D), and (E) at the sentencing hearing. *State v. Sparks*, 2d Dist. Montgomery No. 2017-CA-95, 2018-Ohio-3298, ¶ 8. That being so, we cannot infer from its failure to mention the factors cited by Roberts that it did not consider them. Again, the trial court made clear in its judgment entry that it *did* consider the "seriousness" and "recidivism" factors among other things.

{¶ 14} Nor can we infer from the trial court's failure to impose a more lenient sentence that it necessarily did not consider the R.C. 2929.12 factors. Contrary to Roberts' argument, his statutory maximum sentence is not clearly and convincingly unsupported by the record. Roberts admitted being the driver in a drive-by shooting and, in so doing, he was acting in concert with a gunman who fired multiple shots into a residence. Later that day, Roberts was located and found to be carrying a loaded .40 caliber Smith and Wesson handgun, with a round in the chamber, in a mostly concealed holster on his hip. That weapon was reported stolen out of Spokane, Washington. He also told officers he owned a fully loaded .40 caliber Glock 23 that was on the floorboard of the vehicle he had been driving. At the time of the drive-by shooting, he still was on probation for a misdemeanor conviction involving the use of a weapon while intoxicated. Roberts had five additional prior misdemeanor convictions, including two for assault. Roberts was also in possession of 1½ Percocet pills. In exchange for his guilty plea to one count of improperly discharging a firearm at or into a habitation, Roberts received significant benefits. The State agreed not to proceed on any charges against him involving

another shooting that had occurred days before the drive-by shooting. The State also dismissed six other felony charges and related specifications in the present case. (Plea Tr. at 5). Based on our review of the record, including the PSI report, we do not find that the evidence clearly and convincingly fails to support Roberts' eight-year prison sentence.

{¶ 15} The assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Elizabeth L. McCormick
April F. Campbell
Hon. Douglas M. Rastatter