[Cite as *State v. Ali*, 2019-Ohio-3192.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-42 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-173 |
| | : | |
| SIDIQ NAJIM ALI | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of August, 2019.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

RENEE D. BUSSE, Atty. Reg. No. 0092823, 10890 North Patterson Road, Piqua, Ohio 45356
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Sidiq Najim Ali appeals from a judgment entry of conviction, entered following his plea of guilty to one count of domestic violence. Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there were no meritorious issues for appeal. We have independently reviewed the record, and we hereby affirm the judgment of the trial court.

**{¶ 2}** After Ali's case was bound over from the municipal court, Ali was indicted on September 4, 2018, on one count of domestic violence, in violation of R.C. 2919.25(A)(D)(3), a felony of the fourth degree, and one count of criminal damaging or endangering, in violation of R.C. 2909.06(A)(1)(B), a misdemeanor of the second degree. Ali pled not guilty on September 6, 2018.

**{¶ 3}** A plea agreement was reached, and a hearing was held on October 12, 2018. The prosecutor requested that the court accept Ali's guilty plea to an amended Count 1, domestic violence, with the following language deleted from the indictment: "And the offender knew that the victim was pregnant at the time of the offense." The prosecutor indicated that the State agreed to the dismissal of the remaining count. The prosecutor made the following statement with respect to sentencing:

> State has agreed to recommend a pre-sentence investigation report. We will agree to review said report. If the Defendant has no further criminal history record than what is already known and disclosed in the Prosecutor's discovery packet or by the Defendant's discovery packet, the State agrees to recommend at sentencing community control. Along with the special conditions including alcohol and drug counseling, anger management

counseling, and placement at West Central Community-Based correctional facility.

If the pre-sentence investigation report or other source reveals an additional criminal record either not previously known to the State or not discussed prior to the entrance of the plea; or if the Defendant is charged with an additional criminal offense either while out on bond or from the date of entering the plea to the final date for which the Defendant is sentenced for this offense; or if the Defendant, after entry of the plea is found to have violated a condition of bond, the parties agree that the State is not bound to its recommendations noted above.   * * *

{¶ 4} Ali responded affirmatively when asked if he had "received enough information to make decisions about this case and to enter his plea of guilt knowingly, intelligently, and voluntarily.   Ali indicated to the court that he believed he was released from probation in July before his August offense.   The court advised Ali that the maximum sentence for his offense was 18 months, that the amendment to the indictment removed the mandatory prison provision, and that the Court "then would have to analyze [Ali's] sentence as it would any other felony four domestic violence offense."   The court advised Ali that it was free to accept the State's sentencing recommendation but was not required to do so.   The court also advised Ali about post-release control. The court ascertained that Ali understood the charge against him and the maximum penalty, and that a plea of guilty was a complete admission of guilt. The court conducted a thorough Crim.R. 11 colloquy with Ali.

{¶ 5} On October 29, 2018, the trial court sentenced Ali to 18 months in prison.

At the start of the hearing, the court noted that Ali was wearing a yellow jumpsuit, "which is indicative of receiving some type of disciplinary sanction at the jail usually." Ali stated that it was due to "an argument," and that another inmate "called me a n***** and he tried to spit at me so I moved out of the way and I slapped him." When asked what discipline he received, Ali responded, "20 days in this jumpsuit and max."

{¶ 6} When asked to make a statement regarding sentencing, the prosecutor responded as follows:

> Consistent with the plea agreement, the State is recommending that the Defendant receive community control with placement at West Central Community-Based Correctional Facility. State makes that recommendation after having consulted with the victim, who is present here in the courtroom. And also having extensive conversation with Defense Counsel.
>
> Had the opportunity to review the pre-sentence investigation report. Would note the Defendant's Ohio Risk Assessment Score was 26, which places him in the high category. And despite both the arguments for community control that were made by both the victim and Defense Counsel, the State noted it was significant that the Defendant indicated that he was open to receive a prison sentence because he believed that would give him the best opportunity for, the State's interpretation for that request, it would give him the best opportunity for programming to address his issues.
>
> His issues, which he primarily identifies as being due to alcohol. He blames all his criminal behavior to his substance abuse problems as it

relates to alcohol. He indicates, in his opinion, that he would probably not have changed - - or changed but for the intervention of the Court and the victim actually calling for law enforcement.

He does have a history of prior criminal convictions. Most notably, a prior domestic violence conviction in 2011. Prior menacing in 2016 that was reduced to menacing as a charge of domestic violence. There are other criminal offenses in the Defendant's criminal history. All of which seem to be related to - - many of which are related to violent or turbulent behavior. And many of which that have criminal convictions due to alcohol or substance abuse.

He self-reports alcohol and Ecstasy as being his prior drugs of abuse that he has used. The alcohol abuse seems to be a regular incident. And the facts of this particular case involve the Defendant coming home. He was living with the victim. The victim was pregnant. I believe she was 13 weeks with their child. And they engaged in an argument surrounding the Defendant's alcohol use.

The argument escalated. The Defendant told the victim to leave the residence. And there are reports that he pushed the victim down inside the residence, followed her outside, pushed her again as she was getting into her friend's vehicle where she struck her head. And then once outside the vehicle he punched the window of the car shattering the glass. And the glass cut the victim's mouth.

The victim was taken to the hospital and no significant injuries were

reported. She did have a minor injury on her mouth. The victim has indicated that she would like to address the Court at this time, Judge. Before I conclude my comments though, I would indicate it is a difficult case. It's a difficult case because there are a lot of factors which do support a prison sentence. The State felt that community control was appropriate, but only at the residential setting. And only because this Defendant, in the State's opinion, is not going to be able to succeed without significant intervention at the residential setting.

The Defendant has no housing set up. The Defendant seems to have a history of mental health issues and will need some counseling. The Defendant has substance abuse problems that cannot be addressed, in the State's opinion, successfully on an outpatient basis. At least not initially. He will need something more intensive than outpatient community control. And the state views this as this is Defendant's last chance before he gets something much more significant in the way of a prison sentence.

So the State is recommending that the Court impose residential sanctions at West Central. * * *

{¶ 7} After the victim made a statement, counsel for Ali advised the court that she spoke to Ali's probation officer, John Gibbs, on October 26, 2018, and that Ali had completed an anger management counseling program before the instant offense and was on non-reporting probation. Counsel for Ali stated that he had never been to prison and wanted to get help for his alcohol problem, and she asked the Court "to adopt the joint recommendation in this case."

**{¶ 8}** The court went over the presentence investigation report with Ali in detail. Ali's judgment entry of conviction states that the court considered R.C. 2929.11 and R.C. 2929.12, as follows:

### Seriousness Factors

**More Serious**

* * *

● This is the sixth time, including the case at bar, that the Defendant has been reported to have committed acts of violence against a woman while intoxicated.

● Of those six, the Defendant has been convicted of four acts of violence toward a woman, including the case at bar.

● The Defendant committed this offense of Domestic Violence "a couple of months" after successfully completing anger management counseling for an offense involving a different woman.

● The Defendant committed this offense of Domestic Violence against a victim who was thirteen weeks pregnant with his child.

● The Defendant knows that alcohol consumption fuels his violence toward his domestic partners, but does not seek treatment for that alcoholism.

● The Defendant's relationship facilitated the offense.   R.C. 2921.12(B)(6).

**Less Serious**

* * *

● None

**Conclusion**

The Court concludes that the factors establishing Defendant's conduct is more serious outweigh the factors establishing that Defendant's conduct is less serious.

### Recidivism Factors

**More Likely to Commit Future Crimes**

* * *

● The Defendant has a history of criminal convictions.   *R.C. 2929.12(D)(2)*

● The Defendant has not responded favorably to sanctions previously imposed for criminal convictions.   *R.C. 2929.12(D)(3)*

● The Defendant has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the Defendant refuses to acknowledge that the Defendant has demonstrated that pattern, or the Defendant refuses treatment for the drug or alcohol abuse.   *R.C. 2929.12(D)(4)*

●The Defendant committed the offense of Domestic Violence "a couple of months" after successfully completing anger management counseling for an offense involving a different woman.

● The Defendant knows that alcohol consumption fuels his violence toward his domestic partners, but does not seek treatment for that alcoholism.

● The Defendant's ORAS score is "High".

**Less Likely to Commit Future Crimes**

* * *

● Prior to committing the offense, the Defendant had not been adjudicated a delinquent child.   *R.C. 2929.12(E)(1)*

● The Defendant shows genuine remorse for the offense. *R.C. 2929.12(E)(5)*

○ to wit: Defendant recognizes the path that his alcohol consumption has led him to becoming a person he states he does not want to be.

**Conclusion**

The Court concludes that the factors establishing Defendant's recidivism is more likely outweigh the factors establishing that Defendant's recidivism is less likely.

**{¶ 9}** Ali's appellate counsel states in her brief that, after "an extensive review of the appellate record, she does not believe Ali's pending appeal "has any arguably meritorious issues to present to this court by way of appellate review."

**{¶ 10}** On April 17, 2019, this Court notified Ali of counsel's *Anders* brief and gave him 60 days to file a pro se brief assigning any errors for our review. No brief has been filed.

**{¶ 11}** As this Court has previously noted:

An appellate court, upon the filing of an *Anders* brief, has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders,* 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493*; Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible

contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the defendant.

*State v. Allen*, 2d Dist. Clark No. 2018-CA-60, 2019-Ohio-1253, ¶ 5.

{¶ 12} Counsel for Ali asserts the following potential assignment of error:

WHETHER THE TRIAL COURT'S ACCEPTANCE OF THE APPELLANT'S GUILTY PLEA AND SUBSEQUENT FELONY SENTENCING FAILED TO COMPLY WITH OHIO LAW.

{¶ 13} Regarding acceptance of a plea, Crim.R. 11(C)(2)(a) provides:

(C) Pleas of guilty and no contest in felony cases**.**

 * * *

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court,

upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

* * *

{¶ 14} As this Court has noted:

Crim.R. 11(C)(2) contains both constitutional and nonconstitutional rights to insure that a plea is voluntary and made with an understanding of its consequences. * * * The Supreme Court of Ohio has expressed its preference for literal compliance with Crim.R. 11, *Clark* at ¶ 29. However, substantial compliance is sufficient in the nonconstitutional context. There, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates 'the defendant subjectively understands the implications of his plea * * *.' " *Clark* at ¶ 31, quoting *State v. Nero* (1990), 56 Ohio St.3d 106, at 108. We review potential errors under Crim.R. 11 on a de novo basis.

*State v. Ellis*, 2d Dist. Montgomery No. 22864, 2009-Ohio-3639, ¶ 13.

{¶ 15} Ali indicated that he received enough information about his case to make a knowing, intelligent and voluntary plea, and the record reflects that the trial court complied with Crim.R. 11 in accepting his plea.

**{¶ 16}** Regarding his sentence, as this Court has noted:

When reviewing felony sentences, appellate courts apply the standard of review found in R.C. 2953.08(G)(2), not an abuse of discretion standard. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

"The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum * * * sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. R.C. 2929.11 and R.C. 2929.12. *State v. Leopard,* 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11(2d Dist.)*,* citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. * * * R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense, whereas R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense. Similarly, R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding an offender being more or less likely to

commit future crimes.

Although statutory maximum sentences do not require any of the findings specified in R.C. 2953.08(G)(2), the Ohio Supreme Court has found it appropriate "for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23.

*State v. Roberts*, 2d Dist. Montgomery No. 2018-CA-27, 2019-Ohio-49, ¶ 6-8.

**{¶ 17}** Ali's felony sentence is not contrary to law. R.C. 2929.14(A)(4). The court indicated to Ali at the sentencing hearing and it is reflected in the judgment entry that it considered the R.C. 2929.11 and R.C. 292912 factors. Further, Ali's felony sentence is not clearly and convincingly unsupported by the record. His presentence investigation report, which the court thoroughly considered, reflects a criminal history of violent offenses involving alcohol. Ali indicated to the court that he had recently completed anger management counseling before the instant offense, and the victim herein was pregnant at the time of the offense.

**{¶ 18}** We have reviewed the entire record, including the plea and sentencing transcripts, and the presentence investigation report. Our review has not revealed any potentially meritorious appellate issues. Having fulfilled our duty pursuant to *Anders*, Ali's conviction is affirmed.

. . . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies sent to:

Kevin Talebi
Renee D. Busse
Sidiq Najim Ali
Hon. Nick A. Selvaggio